UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MELVIS C. DAVIS,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. _____ |
| **THURGOOD CONSTRUCTION, INC.; THURGOOD CUSTOM HOMES, INC.; CAPITAL CITY, INC.; and ANTHONY L. DUNCAN,** | |
| **Defendants.** | |

---

### COMPLAINT

Plaintiff Melvis C. Davis, by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Thurgood Construction, Inc.; Thurgood Custom Homes, Inc.; Capital City, Inc.; and Anthony Duncan, showing the Court as follows:

### INTRODUCTION

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq*., Plaintiff Davis seeks to recover unpaid minimum and overtime wages from his former employers, Thurgood Construction, Inc. (hereinafter "Thurgood Construction"); Thurgood

Custom Homes, Inc. (hereinafter "Thurgood Custom Homes"); Capital City, Inc. (hereinafter "Charlie's"); and Anthony Duncan (hereinafter "Duncan"). Davis also seeks damages arising from a breach of contract, quantum meruit, unjust enrichment, and promissory estoppel related to unpaid wages—in excess of the minimum wage—from Defendants Thurgood Construction and Thurgood Homes.

## THE PARTIES, JURISDICTION, AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

This Court has supplemental jurisdiction over Plaintiff's claims based on the laws of the State of Georgia pursuant to 28 U.S.C § 1367(a), as these claims are so related to the federal claims which provide this Court with original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.

Thurgood Construction, Inc. is a domestic corporation existing under the laws of the State of Georgia.

5.

Thurgood Construction, Inc. may be served with process via service on its registered agent for service, Anthony Duncan, at 6555 Sugarloaf Pkwy, Suite 307-255, Duluth, GA 30097.

6.

This Court has personal jurisdiction over Thurgood Construction, Inc.

7.

Thurgood Custom Homes, Inc. is a domestic corporation existing under the laws of the State of Georgia.

8.

Thurgood Custom Homes, Inc. may be served with process via service on its registered agent for service, Anthony Duncan, at 6555 Sugarloaf Pkwy, Suite 307-255, Duluth, GA 30097.

9.

This Court has personal jurisdiction over Thurgood Custom Homes, Inc.

10.

Capital City, Inc. is a domestic corporation existing under the laws of the State of

Georgia.

11.

Capital City, Inc. may be served with process via service on its registered agent for

service, Anthony Duncan, at P.O. Box 361345, Decatur, GA, 30036.

12.

This Court has personal jurisdiction over Capital City, Inc.

13.

This Court has personal jurisdiction over Defendant Duncan.

14.

Defendant Duncan is a natural person.

15.

Duncan resides within Gwinnett County, Georgia and may be served with process

at his residence, or wherever he may be found.

16.

Venue properly lies in the Northern District of Georgia, Atlanta Division, under 28

U.S.C. § 1391 because Defendants conduct business in this judicial district; all the

events giving rise to the claims herein arose in this judicial district, and Defendant

Duncan resides within this judicial district.

17.

Plaintiff Davis is a natural person and a Georgia resident.

## Factual Allegations

### *General Background*

18.

Plaintiff was employed by Defendant Duncan and several companies owned and

operated by Defendant Duncan from approximately March 2004 through March

2016.

19.

From 2004 through 2008, Plaintiff worked for Duncan and his business Thurgood

Estates (the then trade name of Thurgood Custom Homes, Inc.), which provides

residential construction services.

20.

From 2008 through 2012, Plaintiff worked for Duncan and Thurgood Construction,

Inc., which at that time primarily provided commercial construction services.

*Plaintiff's Employment by Defendants Charlie's and Duncan*

21.

In 2011, through his company Capital City, Inc., Duncan purchased an Atlanta, Georgia liquor store that operated under the trade name Charlie's.

22.

Plaintiff worked at Charlie's for Duncan and Capital City, Inc. (hereinafter "Charlie's") from April 2012 through July 2014.

23.

Throughout his employment at Charlie's, Plaintiff did not have a formal job title.

24.

Throughout Plaintiff's employment at Charlie's, Charlie's classified Plaintiff as an independent contractor.

25.

Throughout Plaintiff's employment at Charlie's, Charlie's misclassified Plaintiff as an independent contractor, when in reality he was an employee.

26.

Throughout his employment at Charlie's, Plaintiff worked more than 40 hours per week in almost every workweek.

27.

Throughout his employment at Charlie's, Plaintiff was compensated at a flat weekly rate.

28.

Throughout his employment at Charlie's, Plaintiff did not receive pay at one-and-one-half times his regular hourly rate for any hours worked in excess of 40 hours per workweek.

***Plaintiff's Employment by Defendants Thurgood Custom Homes, Thurgood Construction, and Duncan***

29.

In March 2015, Plaintiff began working for Duncan and his companies Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. (hereinafter collectively "Thurgood Homes"), with the title of Project Manager.

30.

Throughout his employment by Duncan, Thurgood Homes, Plaintiff was responsible for coordinating the work of various subcontractors to perform work on Thurgood Homes' construction sites according to the specifications of Defendant Duncan.

31.

When necessary, Plaintiff performed manual construction labor alongside the subcontractors.

32.

Plaintiff continued to work at Thurgood Homes through March 2016.

33.

Throughout his employment at Thurgood Homes, Plaintiff worked more than 40 hours per week in almost every workweek.

34.

Throughout his employment at Thurgood Homes, Plaintiff was compensated at a monthly rate.

35.

Throughout his employment at Thurgood Homes, Plaintiff did not receive pay at one-and-one-half times his regular hourly rate for any hours worked in excess of 40 hours per workweek.

36.

Throughout his employment at Thurgood Homes, Thurgood Homes never compensated Plaintiff more frequently than once per month.

37.

Throughout Plaintiff's employment at Thurgood Homes, Thurgood Homes held Plaintiff out to the public as an employee of Thurgood Homes.

38.

Throughout Plaintiff's employment at Thurgood Homes, Thurgood Homes did not place Plaintiff on payroll.

39.

Throughout Plaintiff's employment at Thurgood Homes, Thurgood Homes treated Plaintiff as an independent contractor for the purpose of federal and state taxes.

40.

Throughout Plaintiff's employment at Thurgood Homes, Thurgood Homes misclassified Plaintiff as an independent contractor.

41.

Throughout his employment at Thurgood Homes, Plaintiff regularly received his pay from several weeks to even months after his regular pay date.

42.

Duncan frequently required Plaintiff to purchase supplies and pay Thurgood Homes' subcontractors for labor out of Plaintiff's personal accounts, and would later reimburse Plaintiff for those expenses.

43.

On October 3, 2015, a stucco subcontractor was scheduled to begin work on a

Thurgood Homes construction project the following day, but threatened to take

another job instead if Thurgood Homes did not pay a $5,000 deposit. Upon

learning this, Duncan demanded that Plaintiff pay the stucco subcontractor $5,000

on Plaintiff's personal check, promising to reimburse him within a few days.

44.

The same day, Plaintiff did pay $5,000 to the stucco subcontractor by personal

check, relying to his detriment on Thurgood Homes' promise (via Duncan) to

reimburse him.

45.

Although the stucco subcontractor completed the work and Thurgood Homes was

paid in full for the stucco work by the developer, Thurgood Homes never

reimbursed Plaintiff's $5,000 payment to the stucco subcontractor.

46.

Plaintiff tendered his resignation from Thurgood Homes on March 14, 2016,

effective March 25, 2016.

47.

Plaintiff performed work for Thurgood Homes through March 25, 2016.

48.

Thurgood Homes refused to pay and has not paid Plaintiff any portion of his wages earned in March 2016.

***Capital City, Inc. d/b/a Charlie's is a Covered Enterprise Under the FLSA***

49.

During 2013, Charlie's was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

50.

During 2013, Charlie's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

51.

During 2013, Charlie's had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

52.

During 2013, Charlie's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

53.

During 2013, Charlie's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

54.

During 2014, Charlie's was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

55.

During 2014, Charlie's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

56.

During 2014, Charlie's had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

57.

During 2014, Charlie's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

58.

During 2014, Charlie's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

59.

At all times material hereto, Charlie's was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

***Thurgood Custom Homes, Inc. is a Covered Enterprise Under the FLSA***

60.

During 2015, Thurgood Custom Homes, Inc. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

61.

During 2015, Thurgood Custom Homes, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

62.

During 2015, Thurgood Custom Homes, Inc. had two or more "employees"

engaged in the "production of goods for commerce" as defined in 29 U.S.C.

§ 203(s)(1)(A).

63.

During 2015, Thurgood Custom Homes, Inc. had two or more "employees"

handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person." as defined in 29 U.S.C.

§ 203(s)(1)(A).

64.

During 2015, Thurgood Custom Homes, Inc. had an annual gross volume of sales

made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of 29 U.S.C.

§ 203(s)(1)(A).

65.

During 2016, Thurgood Custom Homes, Inc. was an "enterprise engaged in

commerce or in the production of goods for commerce" as defined in the FLSA,

§ 7(a)(1), 29 U.S.C. § 207(a)(1).

66.

During 2016, Thurgood Custom Homes, Inc. had two or more "employees engaged

in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

67.

During 2016, Thurgood Custom Homes, Inc. had two or more "employees"

engaged in the "production of goods for commerce" as defined in 29 U.S.C.

§ 203(s)(1)(A).

68.

During 2016, Thurgood Custom Homes, Inc. had two or more "employees

handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person." as defined in 29 U.S.C.

§ 203(s)(1)(A).

69.

During 2016, Thurgood Custom Homes, Inc. had an annual gross volume of sales

made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of 29 U.S.C.

§ 203(s)(1)(A).

70.

At all times material hereto, Thurgood Custom Homes, Inc. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

***Thurgood Construction, Inc. is a Covered Enterprise Under the FLSA***

71.

During 2015, Thurgood Construction, Inc. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

72.

During 2015, Thurgood Construction, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

73.

During 2015, Thurgood Construction, Inc. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

74.

During 2015, Thurgood Construction, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

75.

During 2015, Thurgood Construction, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

76.

During 2016, Thurgood Construction, Inc. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

77.

During 2016, Thurgood Construction, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

78.

During 2016, Thurgood Construction, Inc. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

79.

During 2016, Thurgood Construction, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

80.

During 2016, Thurgood Construction, Inc. had an annual gross volume of sales

made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of 29 U.S.C.

§ 203(s)(1)(A).

81.

At all times material hereto, Thurgood Construction, Inc. was an "enterprise

engaged in commerce or in the production of goods for commerce" as defined in

FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

***FLSA Employer Allegations***

82.

At all relevant times in connection with Plaintiff's work at Charlie's, Plaintiff was

an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

83.

At all relevant times in connection with Plaintiff's work at Charlie's, Capital City,

Inc. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

84.

At all relevant times in connection with Plaintiff's work at Charlie's, Capital City,

Inc. "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g).

85.

At all relevant times in connection with Plaintiff's work at Thurgood Homes, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

86.

At all relevant times in connection with Plaintiff's work at Thurgood Homes, Thurgood Custom Homes, Inc. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

87.

At all relevant times in connection with Plaintiff's work at Thurgood Homes, Thurgood Custom Homes, Inc. "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g).

88.

At all relevant times in connection with Plaintiff's work at Thurgood Homes, Thurgood Construction, Inc. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

89.

At all relevant times in connection with Plaintiff's work at Thurgood Homes, Thurgood Construction, Inc. "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g).

*Individual Employer Allegations*

90.

At all relevant times, Defendant Duncan was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he acted directly or indirectly in the interest of Capital City, Inc., Thurgood Custom Homes, Inc., and Thurgood Construction, Inc. in his interactions with Plaintiff, and he controlled the terms and conditions of Plaintiff's employment and compensation.

91.

At all relevant times, Duncan was involved in the day-to-day operation of Charlie's.

92.

At all relevant times, Duncan was involved in the day-to-day operation of Thurgood Homes.

93.

At all relevant times, Charlie's vested Duncan with supervisory authority over Plaintiff.

94.

At all relevant times, Thurgood Homes vested Duncan with supervisory authority over Plaintiff.

95.

At all relevant times in connection with Plaintiff's work for Charlie's, Duncan exercised supervisory authority over Plaintiff.

96.

At all relevant times in connection with Plaintiff's work for Thurgood Homes, Duncan exercised supervisory authority over Plaintiff.

97.

At all relevant times in connection with Plaintiff's work for Charlie's, Duncan exercised authority and supervision over Plaintiff's compensation.

98.

At all relevant times in connection with Plaintiff's work for Thurgood Homes, Duncan exercised authority and supervision over Plaintiff's compensation.

***Joint Employer Allegations***

99.

At all relevant times, Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. comprised a single "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(C); 29 U.S.C. § 203(s)(1)(C).

100.

At all relevant times, Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. shared the services of Plaintiff.

101.

At all relevant times, Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. acted directly or indirectly in the interest of each other with respect to Plaintiff.

102.

At all relevant times, Plaintiff was under the direct control of both Thurgood Custom Homes, Inc. and Thurgood Construction, Inc.

103.

At all relevant times, Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. exercised joint control over the Plaintiff in his capacity as an employee.

104.

At all relevant times, Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

105.

At all relevant times, Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. were a joint employer of Plaintiff within the meaning of the FLSA.

***Plaintiff's Non-Exempt Status at Charlie's***

106.

At all relevant times in connection with his work for Charlie's, Plaintiff was not exempt from the minimum wage or maximum hour requirements of the FLSA by reason of any exemption.

107.

At all relevant times in connection with his work for Charlie's, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a).

108.

At all relevant times in connection with his work for Charlie's, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

109.

At all relevant times in connection with his work for Charlie's, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

110.

At all relevant times in connection with his work for Charlie's, Plaintiff did not have as a primary duty the management of an enterprise, or management of a customarily recognized department or subdivision of an enterprise.

111.

At all relevant times in connection with his work for Charlie's, Plaintiff did not perform interviewing, selecting, and training of employees as a primary duty.

112.

At all relevant times in connection with his work for Charlie's, Plaintiff did not perform setting and adjusting employee rates of pay and hours of work as a primary duty.

113.

At all relevant times in connection with his work for Charlie's, Plaintiff did not direct the work of other employee as a primary duty.

114.

At all relevant times in connection with his work for Charlie's, Plaintiff did not

perform maintenance of production or sales records for use in supervision or

control as a primary duty.

115.

At all relevant times in connection with his work for Charlie's, Plaintiff did not

appraise employees' productivity and efficiency for the purpose of recommending

promotions or other changes in status as a primary duty.

116.

At all relevant times in connection with his work for Charlie's, Plaintiff did not

handle employee complaints and grievances as a primary duty.

117.

At all relevant times in connection with his work for Charlie's, Plaintiff did not

discipline employees as a primary duty.

118.

At all relevant times in connection with his work for Charlie's, Plaintiff did not

plan the work of other employees as a primary duty.

119.

At all relevant times in connection with his work for Charlie's, Plaintiff did not determine the techniques to be used by other employees as a primary duty.

120.

At all relevant times in connection with his work for Charlie's, did not apportion work among other employees as a primary duty.

121.

At all relevant times in connection with his work for Charlie's, Plaintiff did not determine the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold as a primary duty.

122.

At all relevant times in connection with his work for Charlie's, Plaintiff did not control the flow and distribution of materials or merchandise and supplies as a primary duty.

123.

At all relevant times in connection with his work for Charlie's, Plaintiff did not have as a primary duty provision for the safety and security of other employees or employer property.

124.

At all relevant times in connection with his work for Charlie's, Plaintiff did not plan and control his employer's budget as a primary duty.

125.

At all relevant times in connection with his work for Charlie's, Plaintiff did not monitor or implement legal compliance measures as a primary duty.

126.

At all relevant times in connection with his work for Charlie's, Plaintiff did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

127.

At all relevant times in connection with his work for Charlie's, Plaintiff did not have the authority to hire or fire other employees.

128.

At all relevant times in connection with his work for Charlie's, Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

129.

At all relevant times in connection with his work for Charlie's, Plaintiff's primary duties did not include the performance of office or non-manual work directly related to the management or general business operations of his employer or its customers.

130.

At all relevant times in connection with his work for Charlie's, Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

### Plaintiff's Non-Exempt Status at Thurgood Homes

131.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff was not exempt from the minimum wage or maximum hour requirements of the FLSA by reason of any exemption.

132.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a).

133.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

134.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

135.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not have as a primary duty the management of an enterprise, or management of a customarily recognized department or subdivision of an enterprise.

136.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not perform interviewing, selecting, and training of employees as a primary duty.

137.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not perform setting and adjusting employee rates of pay and hours of work as a primary duty.

138.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not direct the work of other employee as a primary duty.

139.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not perform maintenance of production or sales records for use in supervision or control as a primary duty.

140.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not appraise employees' productivity and efficiency for the purpose of recommending promotions or other changes in status as a primary duty.

141.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not handle employee complaints and grievances as a primary duty.

142.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not discipline employees as a primary duty.

143.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not plan the work of other employees as a primary duty.

144.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not determine the techniques to be used by other employees as a primary duty.

145.

At all relevant times in connection with his work for Thurgood Homes, did not apportion work among other employees as a primary duty.

146.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not determine the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold as a primary duty.

147.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not control the flow and distribution of materials or merchandise and supplies as a primary duty.

148.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not have as a primary duty provision for the safety and security of other employees or employer property.

149.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not plan and control his employer's budget as a primary duty.

150.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not monitor or implement legal compliance measures as a primary duty.

151.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

152.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff
did not have the authority to hire or fire other employees.

153.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff's
suggestions and recommendations as to the hiring, firing, advancement, promotion
or any other change of status of other employees were not given particular weight.

154.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff's
primary duties did not include the performance of office or non-manual work
directly related to the management or general business operations of his employer
or its customers.

155.

At all relevant times in connection with his work for Thurgood Homes, Plaintiff's
primary duties did not include the exercise of discretion and independent judgment
with respect to matters of significance.

## COUNT I
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO 29 U.S.C. § 207 AGAINST DEFENDANTS THURGOOD CONSTRUCTION, THURGOOD CUSTOM HOMES, AND DUNCAN

156.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

157.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

158.

For the workweek encompassing October 3, 2015, and for each workweek during March 2016, Defendants Thurgood Construction, Thurgood Custom Homes, and Duncan failed to compensate Plaintiff at an hourly rate above or equal to the federal minimum wage as established in the FLSA.

159.

For the workweek encompassing October 3, 2015, and for each workweek during March 2016, Defendants Thurgood Construction, Thurgood Custom Homes, and Duncan willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in the FLSA.

160.

Plaintiff is entitled to payment of minimum wages in an amount to be determined

at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

161.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is

entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C.

§ 216(b).

162.

As a result of their underpayment of minimum wages, Plaintiff is entitled to

payment of his litigation costs, including his reasonable attorney's fees, in

accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY THE GEORGIA MINIMUM WAGE AGAINST DEFENDANTS THURGOOD CONSTRUCTION AND THURGOOD CUSTOM HOMES

163.

The allegations in all previous paragraphs are incorporated by reference as if fully

set out in this paragraph.

164.

At all relevant times, Plaintiff was a "covered employee" of Defendants Thurgood

Custom Homes and Thurgood Construction as defined in O.C.G.A. § 34-4-3.

165.

At all relevant times, Plaintiff was entitled to the minimum wage protections set forth in O.C.G.A. § 34-4-3.

166.

At all relevant times, Plaintiff was not exempt from the minimum wage requirements of O.C.G.A. § 34-4-3 by reason of any exemption.

167.

For the workweek encompassing October 3, 2015, and for each workweek during March 2016, Defendants Thurgood Construction and Thurgood Custom Homes failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage in accordance with O.C.G.A. § 34-4-3.

168.

Plaintiff is entitled to payment of Georgia minimum wages in an amount to be determined at trial, pursuant to O.C.G.A. § 34-4-6.

169.

Plaintiff is entitled to liquidated damages in additional amount equal to his original claim for unpaid minimum wages, pursuant to O.C.G.A. § 34-4-6.

170.

Plaintiff is entitled to receive his litigation costs, including his reasonable

attorney's fees, pursuant to O.C.G.A. § 34-4-6.

### COUNT III
### FAILURE TO PAY OVERTIME PURSUANT TO 29 U.S.C. § 207
### AGAINST DEFENDANTS THURGOOD CONSTRUCTION, INC.,
### THURGOOD CUSTOM HOMES, INC., AND DUNCAN

171.

The allegations in all previous paragraphs are incorporated by reference as if fully

set out in this paragraph.

172.

At all relevant times in connection with his work for Thurgood homes, Plaintiff

was an employee covered by the FLSA and entitled to the overtime protections set

forth in FLSA § 7(a), 29 U.S.C. § 207(a).

173.

At all relevant times in connection with his work for Thurgood homes, Plaintiff

worked in excess of forty (40) hours per week during each workweek.

174.

From approximately March 2015 through March 25, 2016, Defendants Thurgood

Custom Homes, Inc., Thurgood Construction, Inc., and Duncan failed to pay

Plaintiff at one-and-one-half times his regular rate of pay for his work in excess of forty (40) hours in any workweek.

175.

At all relevant times in connection with Plaintiff's work for Thurgood homes, Defendants Thurgood Custom Homes, Inc., Thurgood Construction, Inc., and Duncan willfully failed to pay Plaintiff at one-and-one-half times his regular rate for work in excess of forty (40) hours in any workweek.

176.

Plaintiff is entitled to receive his unpaid overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

177.

As a result of the failure of Defendants Thurgood Custom Homes, Inc., Thurgood Construction, Inc., and Duncan to pay overtime wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

178.

As a result of the failure of Defendants Thurgood Custom Homes, Inc., Thurgood Construction, Inc., and Duncan to pay overtime wages as alleged above, Plaintiff is

entitled to payment of his litigation costs, including his reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT IV**
**FAILURE TO PAY OVERTIME PURSUANT TO 29 U.S.C. § 207**
**AGAINST DEFENDANTS CAPITAL CITY, INC. AND DUNCAN**

179.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

180.

At all relevant times in connection with his work at Charlie's, Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

181.

At all relevant times in connection with his work at Charlie's, Plaintiff worked in excess of forty (40) hours per week during each workweek.

182.

From at least three years prior to the filing of this action through July 2014, Defendants Capital City and Duncan failed to pay Plaintiff at one-and-one-half times his regular rate of pay for his work in excess of forty (40) hours in any workweek.

183.

At all relevant times in connection with Plaintiff's work at Charlie's, Defendants willfully failed to pay Plaintiff at one-and-one-half times his regular rate for work in excess of forty (40) hours in any workweek.

184.

Plaintiff is entitled to receive his unpaid overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

185.

As a result of the failure of Defendants Capital City and Duncan to pay overtime wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

186.

As a result of the failure of Defendants Capital City and Duncan to pay overtime wages as alleged above, Plaintiff is entitled to payment of his litigation costs, including his reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT V**
**BREACH OF CONTRACT AGAINST DEFENDANTS**
**THURGOOD CUSTOM HOMES AND THURGOOD CONSTRUCTION**

187.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

188.

The Parties' agreement that Plaintiff would work for Thurgood Custom Homes and Thurgood Construction in exchange for a salary constituted a legally binding contract.

189.

At all relevant times, Plaintiff substantially complied with all material contractual obligations to Defendants Thurgood Custom Homes and Thurgood Construction.

190.

Defendants Thurgood Custom Homes and Thurgood Construction failed to pay Plaintiff his salary in exchange for worked performed during March 2016.

191.

Defendants Thurgood Custom Homes and Thurgood Construction's failure to pay Plaintiff his salary for in exchange for worked performed during March 2016 constitutes a breach of the Parties' agreement regarding Plaintiff's salary.

192.

As the direct and foreseeable result of this breach, Plaintiff has been harmed in an amount to be determined at trial.

## COUNT VI
## QUANTUM MERUIT AGAINST DEFENDANTS
## THURGOOD CUSTOM HOMES AND THURGOOD CONSTRUCTION

193.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

194.

Plaintiff's performance of work for Defendants Thurgood Custom Homes and Thurgood Construction was valuable.

195.

Plaintiff's performance of work for Thurgood Custom Homes and Thurgood Construction was at the request of Thurgood Custom Homes and Thurgood Construction and was knowingly accepted by Thurgood Custom Homes and Thurgood Construction.

196.

Plaintiff performed work for Thurgood Custom Homes and Thurgood Construction with the expectation of compensation by Thurgood Custom Homes and Thurgood Construction.

197.

It would be unjust not to require Thurgood Custom Homes and Thurgood Construction to compensate Plaintiff for his work.

198.

Plaintiff is entitled to receive an amount equal to the value he conferred to Thurgood Custom Homes and Thurgood Construction in an amount to be determined at trial.

## COUNT VII
## UNJUST ENRICHMENT AGAINST DEFENDANTS
## THURGOOD CUSTOM HOMES AND THURGOOD CONSTRUCTION

199.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

200.

By promising to pay Plaintiff a salary and by promising to reimburse Plaintiff for paying the stucco contractors out of his personal funds, Thurgood Custom Homes and Thurgood Construction induced and accepted Plaintiff to furnish or render something of value to them.

201.

In reliance on their promises, Plaintiff performed work and paid the stucco contractors out of his personal funds with the expectation of receiving payment and reimbursement from Thurgood Custom Homes and Thurgood Construction.

202.

Thurgood Custom Homes and Thurgood Construction have avoided payment and reimbursement to Plaintiff for the value he furnished and conveyed to them.

203.

Thurgood Custom Homes and Thurgood Construction have been unjustly enriched at the expense of Plaintiff.

204.

In fairness and good conscience, Thurgood Custom Homes, Inc. and Thurgood Construction, Inc. must reimburse Plaintiff to the extent of the value he furnished and conveyed.

## COUNT VIII
### PROMISSORY ESTOPPEL AGAINST DEFENDANTS
### THURGOOD CUSTOM HOMES AND THURGOOD CONSTRUCTION

205.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

206.

Thurgood Custom Homes and Thurgood Construction promised to pay Plaintiff in return for Plaintiff's labor.

207.

Thurgood Custom Homes and Thurgood Construction should have reasonably expected that Plaintiff would act in reliance on said promise, i.e., to perform labor.

208.

Thurgood Custom Homes, Inc. and Thurgood Construction, Inc.'s promise induced

Plaintiff to act in reliance thereof, i.e., to perform labor, to his detriment.

209.

Plaintiff's labor conferred a benefit on Thurgood Custom Homes and Thurgood

Construction.

210.

Thurgood Custom Homes and Thurgood Construction failed to pay Plaintiff in

accordance with their promise.

211.

Plaintiff relied on Thurgood Custom Homes and Thurgood Construction's

promise.

212.

Plaintiff's reliance on Thurgood Custom Homes and Thurgood Construction's

promise was reasonable.

213.

Injustice can only be avoided by enforcement of Thurgood Custom Homes and

Thurgood Construction's promise.

214.

Plaintiff is entitled to a recover from Thurgood Custom Homes and Thurgood

Construction the reasonable value of the services he provided in an amount to be

determined at trial.

**COUNT IX**
**ATTORNEY'S FEES AND COSTS OF LITIGATION**
**PURSUANT TO O.C.G.A. § 13-6-11 AGAINST ALL DEFENDANTS**
**THURGOOD CUSTOM HOMES AND THURGOOD CONSTRUCTION**

215.

The allegations in all previous paragraphs are incorporated by reference as if fully

set out in this paragraph.

216.

Defendants Thurgood Custom Homes and Thurgood Construction willfully and

intentionally breached multiple contracts with Plaintiff in bad faith, have been

stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense in

connection with this matter.

217.

Plaintiff is entitled to an award of his reasonable attorney's fees and costs and expenses of litigation.

WHEREFORE, Plaintiff respectfully prays:

a.   Take jurisdiction of this matter;

b.   Grant a trial by jury as to all matters properly triable to a jury;

c.   Issue an Order holding each of the Defendants to be Plaintiff's "employer" as that term is defined in the FLSA;

d.   Issue an Order declaring that Defendants have failed to comply with the requirements of the FLSA;

e.   Award Plaintiff all due but unpaid minimum wages and liquidated damages equaling 100% of the minimum wages due Plaintiff, as required by the FLSA;

f.   Award Plaintiff payment for each overtime hour worked during the relevant time period, calculated at one-and-one-half times his regular rate, and liquidated damages equaling 100% of the overtime wages due Plaintiff, as required by the FLSA;

g.   Issue an Order declaring that Defendants Thurgood Construction, Inc., Thurgood Custom Homes, Inc., and Capital City, Inc. have failed to pay Plaintiff at or above the minimum wage established in O.C.G.A. § 34-4-3;

h.   Award Plaintiff all due but unpaid minimum wages and liquidated damages equaling 100% of the minimum wages due Plaintiff, as required by O.C.G.A. § 34-4-6;

i.   Award Plaintiff judgment against Defendants Thurgood Construction, Inc. and Thurgood Custom Homes, Inc. for his contract, quantum meruit, promissory estoppel, and unjust enrichment claims herein asserted in an amount to be proved at trial;

j.   Award Plaintiff his reasonable attorney's fees and costs of litigation on his FLSA claim pursuant to 29 U.S.C. § 216(b);

k.   Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

l.   Award Plaintiff prejudgment interest on all amounts owed;

m.   Award Plaintiff nominal damages;

n.   Enter judgment for Plaintiff in an amount reflecting the award of all damages and relief requested in this Complaint; and

o.    Award any and such other further relief this Court deems just, equitable

and proper.

This 19th day of October 2016.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

*/s/ Mitchell D. Benjamin*

3100 Centennial Tower                Mitchell D. Benjamin
101 Marietta Street                  Ga. Bar No. 049888
Atlanta, Georgia 30303
(404) 979-3171                       */s/ Matthew W. Herrington*
(404) 979-3170 (f)                   Matthew W. Herrington
benjamin@dcbflegal.com               Ga. Bar No. 275411
matthew.herrington@dcbflegal.com
                                     **Counsel for Plaintiff**